Case 4:20-cv-02249   Document 27   Filed on 09/10/20 in TXSD   Page 1 of 17

United States District Court
Southern District of Texas
**ENTERED**
September 10, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RODNEY ENGEL,                         §
                                      §
            Plaintiff,                §
                                      §
v.                                    §    CIVIL ACTION NO. H-20-2249
                                      §
HILTON WORLDWIDE d/b/a CONRAD         §
HOTELS & RESORTS and WOODLAKE         §
TRAVEL SERVICES, INC.,                §
                                      §
            Defendants.               §

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rodney Engel ("Plaintiff") sued defendants Hilton Worldwide Manage Limited ("Hilton Worldwide") and Woodlake Travel Services, Inc. ("Woodlake Travel") (collectively "Defendants") in the 157th District Court of Harris County, Texas.[1] Defendants timely removed the action to this court.[2] Pending before the court are Defendant Hilton Worldwide Manage Limited's Rule 12(b)(2) and Rule 12(b)(5) Motion to Dismiss ("Hilton's 12(b)(2) Motion") (Docket Entry No. 4), Defendant Hilton Worldwide Manage Limited's Rule 12(b)(3) Motion to Dismiss for *Forum Non Conveniens* ("Hilton's

---

[1]Plaintiff's Original Petition, Jury Demand and Requests for Disclosure ("Original Petition"), Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, p. 4; Notice of Removal, Docket Entry No. 1, p. 1. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2]Notice of Removal, Docket Entry No. 1, p. 1; see also Amended Notice of Removal, Docket Entry No. 11, p. 1.

12(b)(3) Motion") (Docket Entry No. 5), Plaintiff's Motion to Remand (Docket Entry No. 9), and Defendant Woodlake Travel Services, Inc.'s Motion to Dismiss Per Federal Rule of Civil Procedure 12(b)(6) ("Woodlake's 12(b)(6) Motion") (Docket Entry No. 19). For the reasons explained below, Plaintiff's Motion to Remand will be denied, Hilton's 12(b)(2) Motion will be granted in part and denied as moot in part, and Hilton's 12(b)(3) Motion and Woodlake's 12(b)(6) Motion will be denied as moot.

## I. Factual and Procedural Background

Plaintiff traveled to Bora Bora in French Polynesia for a vacation in June of 2010.[3] Plaintiff hired Woodlake Travel, a travel agency, to make travel arrangements.[4] Plaintiff stayed at a hotel operated by Hilton Worldwide, the Conrad Bora Bora Nui ("the Hotel"), that Woodlake Travel had recommended.[5] On June 19, 2010, Plaintiff went on a hiking adventure called Polynesian Escape recommended by the Hotel's concierge service.[6] The hike involved a steep and difficult climb up and descent down a mountain during

---

[3]Original Petition, Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, p. 6.

[4]Id.

[5]Original Petition, Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, p. 6; Declaration of Rodney Engel, Exhibit A to Plaintiff's Motion to Remand, Docket Entry No. 9-1, p. 1 ¶ 2.

[6]Original Petition, Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, p. 6.

which Plaintiff fell off the path and suffered injuries.[7] Plaintiff alleges that he was not warned of the risks of the hike and was not provided proper safety equipment or trained guides.[8]

Plaintiff filed this action against Defendants in state court on May 11, 2020, alleging negligence.[9] Hilton Worldwide removed the action to this court on June 25, 2020, on the basis of diversity jurisdiction.[10] Hilton Worldwide is a citizen of the United Kingdom and Woodlake Travel is a citizen of Texas, but Defendants contend that Woodlake Travel was improperly joined as a defendant.[11] Plaintiff filed his Motion to Remand on July 15, 2020.[12] Hilton Worldwide filed an Amended Notice of Removal on July 17, 2020,[13] and Plaintiff filed a supplement to his motion on July 31, 2020.[14]

The Defendants have individually moved to dismiss the action on separate grounds. Hilton Worldwide filed its motions to dismiss on the basis of personal jurisdiction, improper service, and forum

---

[7]Id.

[8]Id.

[9]Id. at 4, 6.

[10]Notice of Removal, Docket Entry No. 1, p. 3 ¶ 8.

[11]Id. at 1 ¶ 2, 2 ¶ 3, 3 ¶ 8.

[12]Plaintiff's Motion to Remand, Docket Entry No. 9.

[13]Amended Notice of Removal, Docket Entry No. 11.

[14]Supplement to Plaintiff's Motion to Remand ("Plaintiff's Remand Supplement"), Docket Entry No. 15.

non conveniens on July 2, 2020.[15] Plaintiff responded on August 6, 2020,[16] and Hilton replied on August 13, 2020.[17] Woodlake Travel filed its motion to dismiss for failure to state a claim on August 7, 2020,[18] and Plaintiff responded on August 25, 2020.[19]

## II.  **Plaintiff's Motion to Remand**

Plaintiff contends that the court lacks diversity jurisdiction over this action because both he and Woodlake Travel are Texas citizens, and Woodlake Travel was properly joined. Defendants argue that Woodlake Travel was improperly joined and that the court should therefore only consider Plaintiff's and Hilton Worldwide's citizenship in determining whether it has subject-matter jurisdiction.

---

[15]Hilton's 12(b)(2) Motion, Docket Entry No. 4; Hilton's 12(b)(3) Motion, Docket Entry No. 5.

[16]Plaintiff's Response to Defendant Hilton Worldwide Manage Limited's Motion to Dismiss Under Rule 12(b)(3), Docket Entry No. 17 ("Plaintiff's 12(b)(3) Response"); Plaintiff's Response to Defendant Hilton Worldwide Manage Limited's Motion to Dismiss Under Rules 12(b)(2) and 12(b)(5), Docket Entry No. 18 ("Plaintiff's 12(b)(2) Response").

[17]Defendant Hilton Worldwide Manage Limited's Reply to Plaintiff's Response to Defendant's Motion to Dismiss Under Rule 12(b)(2) and Rule 12(b)(5) ("Hilton's 12(b)(2) Reply"), Docket Entry No. 24; Defendant Hilton Worldwide Manage Limited's Reply to Plaintiff's Response to Defendant's Rule 12(b)(3) Motion to Dismiss for Forum Non Conveniens ("Hilton's 12(b)(3) Reply"), Docket Entry No. 25.

[18]Woodlake's 12(b)(6) Motion, Docket Entry No. 19.

[19]Plaintiff's Response to Defendant Woodlake Travel Services, Inc.'s Motion to Dismiss Under Rule 12(b)(6) ("Plaintiff's 12(b)(6) Response"), Docket Entry No. 26.

**A. Applicable Law**

Under 28 U.S.C. § 1441(a) any state court civil action over which a federal court would have original jurisdiction may be removed from state to federal court. Federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity of citizenship exists between the parties if each plaintiff has a different citizenship from each defendant. Getty Oil Corp., a Division of Texaco, Inc. v. Insurance Co. of North America, 841 F.2d 1254, 1258 (5th Cir. 1988).

"Ordinarily, for diversity jurisdiction to lie, there must be complete diversity between parties, which 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" Vaillancourt v. PNC Bank, National Ass'n, 771 F.3d 843, 847 (5th Cir. 2014) (quoting Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008)). "There is, however, a 'narrow exception' to that rule for situations of improper joinder, where, as relevant here, the party seeking removal (or challenging remand) demonstrates 'that there is no possibility of recovery by the plaintiff against and in-state defendant.'" Vaillancourt, 771 F.3d at 847 (quoting McDonal v. Abbott Laboratories, 408 F.3d 177, 183 (5th Cir. 2005)).

Courts use the standard for dismissal for failure to state a claim under Rule 12(b)(6) to determine whether a defendant has been

improperly joined. Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Under that standard, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" against each defendant. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "Detailed factual allegations" are not required, but a complaint that establishes the grounds that entitle the plaintiff to relief "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Id. at 1959. The court must "accept the plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff." Chauvin v. State Farm Fire & Casualty Co., 495 F.3d 232, 237 (5th Cir. 2007). The court has discretion to go beyond the pleadings and consider the existence of relevant "discrete and undisputed facts." Smallwood, 385 F.3d at 573-74.

**B. Analysis**

Plaintiff's Original Petition alleges a claim of negligence against Woodlake Travel.[20] Plaintiff argues that Woodlake Travel may be liable because its recommendation of the Hotel started the chain of events resulting in his injury.[21] Defendants argue that

---

[20]Original Petition, Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, p. 6.

[21]Plaintiff's Motion to Remand, Docket Entry No. 9, p. 5 ¶ 9, 6 ¶ 11; see also Plaintiff's 12(b)(6) Response, Docket Entry No. 26, pp. 11-12 ¶ 11. Because Plaintiff's Motion to Remand turns
(continued...)

the negligence claim against Woodlake Travel fails as a matter of law because the alleged facts show Woodlake Travel did not breach a legal duty or proximately cause the injury.[22]

A plaintiff alleging negligence must demonstrate the existence of a duty, breach of that duty, and damages proximately caused by that breach. Western Investments, Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005). The ordinary duty of care is to use the degree of care that a reasonably careful person would use to avoid harm to others under the circumstances. Mitchell v. Missouri-Kansas-Texas Railroad Co., 786 S.W.2d 659, 663 (Tex. 1990) (overruled on other grounds, Union Pacific Railroad Co. v. Williams, 85 S.W.3d 162 (Tex. 2002)). Foreseeability of the harm is the most important factor in determining the existence of a duty. Greater Houston Transportation Co. v. Phillips, 801 S.W.2d 523, 526 (Tex. 1990). Existence of a duty is a question of law, but whether the harm was reasonably foreseeable may involve questions of fact. Mitchell, 786 S.W.2d at 662. If there are no disputed facts related to foreseeability, the court may decide the issue. Fuqua v. Taylor, 683 S.W.2d 735, 737 (Tex. App.-Dallas 1984, writ ref'd n.r.e.).

Plaintiff argues that Woodlake Travel breached a duty to ensure that its travel agent provided competent, correct, and

---

[21](...continued)
on the same claim and standard as Woodlake's 12(b)(6) Motion, the court will consider the arguments made in both sets of briefs.

[22]Amended Notice of Removal, Docket Entry No. 11, p. 10 ¶ 33; Woodlake's 12(b)(6) Motion, Docket Entry No. 19, pp. 9, 11.

impartial information by recommending the Hotel.[23] But Plaintiff's Original Petition lacks any allegations that the agent provided incorrect or faulty information. Woodlake Travel's only alleged acts are that it "consulted" with Plaintiff and made his travel arrangements.[24] Such vague allegations do not plausibly establish a set of facts under which a reasonably prudent person would not have recommended the Hotel. A travel agency that books a trip cannot be held liable for injuries caused by the negligence of hotels or tour operators that it does not own or control. See Tillman v. Continental Plaza Hotels & Resorts, No. Civ. A. H-99-3493, 2000 WL 33250072, at *3 (S.D. Tex. Aug. 10, 2000) (collecting cases). Nor may it be held liable for negligent failure to warn or negligent selection of a travel venue or service absent knowledge of danger. Id. at *4-5. Because Plaintiff's Original Petition does not allege facts showing that Woodlake Travel knew of the danger or owned and controlled the Hotel or Polynesian Escape, the court concludes that Plaintiff has not plausibly stated a claim for negligence against Woodlake Travel.

Because Plaintiff has no plausible claim for relief against Woodlake Travel, Defendants have met their burden to demonstrate that Woodlake Travel's joinder as a defendant to the action was

---

[23]Plaintiff's 12(b)(6) Response, Docket Entry No. 26, p. 11 ¶ 11.

[24]Original Petition, Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, p. 6.

improper and does not defeat Hilton Worldwide's right to remove on the basis of diversity jurisdiction. It is not disputed that Plaintiff is a citizen of Texas and that Hilton Worldwide is not a citizen of Texas, and Plaintiff's complaint seeks monetary relief in excess of $1,000,000.[25] The court may therefore exercise diversity jurisdiction over Plaintiff's claims against Hilton Worldwide, and accordingly Plaintiff's Motion to Remand will be denied.

Woodlake Travel seeks dismissal of the claims against it with prejudice.[26] But a "federal court never has diversity jurisdiction over a claim against a nondiverse defendant." International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd., 818 F.3d 193, 206 (5th Cir. 2016). While the court has diversity jurisdiction over Plaintiff's claims against Hilton Worldwide, it does not have jurisdiction to issue a judgment on the merits of Plaintiff's claims against Woodlake Travel. Woodlake Travel will instead be dismissed from the action without prejudice, and Woodlake's 12(b)(6) Motion will be denied as moot.

### III. Hilton's 12(b)(2) Motion

Hilton Worldwide argues that the claim against it should be dismissed because the court lacks personal jurisdiction over it.

---

[25]Original Petition, Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, pp. 4, 8; Amended Notice of Removal, Docket Entry No. 11, p. 1 ¶¶ 1-2.

[26]Woodlake's 12(b)(6) Motion, Docket Entry No. 19, p. 11.

Plaintiff responds that the court has personal jurisdiction because (1) Hilton Worldwide is a global corporation that advertises in Texas, and (2) Texas residents have stayed at the Hotel in Bora Bora.

A.  Applicable Law

The court may exercise personal jurisdiction over a nonresident defendant if "(1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009), cert. denied, 131 S. Ct. 68 (2010). Since the Texas long-arm statute extends as far as constitutional due process allows, the court considers only the second step of the inquiry. Id.

Federal due process permits personal jurisdiction over a nonresident defendant that has "minimum contacts" with the forum state, subject to the limit of not offending "traditional notions of 'fair play and substantial justice.'" Id. The extent of the contacts determines whether the court's jurisdiction is specific or general. Lewis v. Fresne, 252 F.3d 352, 358 (5th Cir. 2001). A court has general jurisdiction over a nonresident defendant "'to hear any and all claims'" if that defendant's contacts with the state are so continuous and systematic "as to render [that defendant] essentially at home in the forum." Daimler AG v.

Bauman, 134 S. Ct. 746, 751 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011)). "The 'continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum.'" Johnston v. Multidata Systems International Corp., 523 F.3d 602, 609 (5th Cir. 2008) (quoting Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V., 249 F.3d 413, 419 (5th Cir. 2001)).

"In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" Goodyear, 131 S. Ct. at 2851 (citations omitted). A court asks "whether there was 'some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Id. at 2854 (quoting Hanson v. Denckla, 78 S. Ct. 1228, 1239 (1958)). Specific jurisdiction exists "when a nonresident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" Walk Haydel & Associates, Inc. v. Coastal Power Production Co., 517 F.3d 235, 243 (5th Cir. 2008) (quoting Panda Brandywine Corp. v. Potomac Electric Power Co., 253 F.3d 865, 868 (5th Cir. 2001)). Although the defendant's contacts with the forum must be "more than 'random, fortuitous, or attenuated, or . . . the unilateral activity of

another party or third person,'" even "isolated or sporadic contacts" can support specific jurisdiction "so long as the plaintiff's claim relates to or arises out of those contacts." ITL International, Inc. v. Constenla, S.A., 669 F.3d 493, 498-99 (5th Cir. 2012) (internal quotations omitted).

Under Rule 12(b)(2), "[w]hen the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a prima facie case that personal jurisdiction is proper.'" Quick Technologies, Inc. v. Sage Group PLC, 313 F.3d 338, 343-344 (5th Cir. 2002) (quoting Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994)). "Proof by a preponderance of the evidence is not required." Johnston, 523 F.3d at 609 (citing Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990)). In deciding whether personal jurisdiction exists, "[t]he district court may receive 'any combination of the recognized methods of discovery,' including affidavits, interrogatories, and depositions to assist it in the jurisdictional analysis." Little v. SKF Sverige AB, Civil Action No. H-13-1760, 2014 WL 710941, at *2 (S.D. Tex. Feb. 24, 2014) (quoting Walk Haydel, 517 F.3d at 241). "[U]ncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists." Johnston, 523 F.3d at 609 (citation omitted). But the

district court is not required "to credit conclusory allegations, even if uncontroverted." Panda Brandywine, 253 F.3d at 869.

**B.    Analysis**

   1.   Plaintiff's Objection to Evidence

The only evidence submitted by the parties as to personal jurisdiction are the declarations of Vice President and Senior Counsel of Hilton Worldwide, James Smith, and Plaintiff.[27] Plaintiff requests that the court strike Smith's declaration because it "purports to set forth facts which, Defendant alleges, establish the absence of minimum contacts with the State of Texas," but "as shown in Plaintiff's Declaration . . . Hilton has availed itself of the benefits of doing business in Texas."[28] This objection lacks merit; that Plaintiff's evidence allegedly contradicts Hilton Worldwide's evidence does not render the latter irrelevant or inadmissable.

   2.   Alleged Facts and Evidence

The facts alleged in Plaintiff's Original Petition and in the declarations do not contradict one another. The Original Petition alleges that Plaintiff stayed in the Hotel located in Bora Bora and operated by Hilton Worldwide and that Plaintiff was directed to the

---

[27]Declaration of James Smith, Exhibit 1 to Hilton's 12(b)(2) Motion, Docket Entry No. 4-1; Declaration of Rodney Engel, Exhibit 1 to Plaintiff's 12(b)(2) Response, Docket Entry No. 18-1.

[28]Plaintiff's 12(b)(2) Response, Docket Entry No. 18, p. 6 ¶ 4.

hike and suffered his injury in Bora Bora.[29] The only alleged act or omission that did not occur in Bora Bora is Woodlake Travel's making the travel arrangements.[30] Plaintiff's declaration only repeats these facts and explains in greater detail the process of choosing the Hotel when consulting with Woodlake Travel's representative.[31] James Smith's declaration states that Hilton Worldwide is organized under the laws of and has its principal place of business in the United Kingdom.[32] Hilton Worldwide does not maintain any place of business in Texas, own any property in Texas, advertise in Texas, or otherwise do business in Texas.[33] Plaintiff's declaration does not contradict any of the facts stated by James Smith.

Hilton Worldwide argues that the court cannot exercise specific jurisdiction over it because none of the alleged acts and omissions occurred in Texas.[34] Plaintiff responds that specific jurisdiction is available because Hilton Worldwide is a "global enterprise" that "intentionally markets itself in Texas" in order

---

[29]Original Petition, Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, p. 6.

[30]Id.

[31]Declaration of Rodney Engel, Exhibit 1 to Plaintiff's 12(b)(2) Response, Docket Entry No. 18-1, pp. 1-2.

[32]Declaration of James Smith, Exhibit 1 to Hilton's 12(b)(2) Motion, Docket Entry No. 4-1, p. 2 ¶ 4.

[33]Id. at 2 ¶¶ 5-10.

[34]Hilton's 12(b)(2) Motion, Docket Entry No. 4, pp. 11-12.

-14-

to "reap the economic benefits" of Texas residents staying at its properties.[35] None of these factual assertions, however, are supported by evidence or pleadings. It is Plaintiff's burden to establish a prima facie case for personal jurisdiction through his pleadings and evidentiary submissions. While this is not a heavy burden, conclusory assertions in Plaintiff's response brief do not suffice. The court concludes that Plaintiff has not established a prima facie case that specific jurisdiction exists over Hilton Worldwide in this action.

Hilton Worldwide argues that the court does not have general jurisdiction over it because Texas is not its place of incorporation or principal place of business.[36] Plaintiff responds that Hilton Worldwide engages in marketing in Texas that is so continuous and systematic that general jurisdiction applies.[37] Again, Plaintiff has provided no evidence and pled no factual allegations that support this assertion. Moreover, the Supreme Court has explicitly rejected the argument that a global business operating "in many places" may "be deemed at home in all of them." Daimler, 134 S. Ct. at 762 n.20. Even if Plaintiff's assertion as to Hilton Worldwide's advertising in Texas were true, it would not

---

[35]Plaintiff's 12(b)(2) Response, Docket Entry No. 18, pp. 15-16 ¶¶ 18-19.

[36]Hilton's 12(b)(2) Motion, Docket Entry No. 4, pp. 12-13.

[37]Plaintiff's 12(b)(2) Response, Docket Entry No. 18, pp. 16-17 ¶ 20.

suffice to meet the high standards of the continuous-and-systematic test. The court concludes that Plaintiff has not established a prima facie case that the court may exercise general jurisdiction over Hilton Worldwide.

Having concluded that Plaintiff has not established a prima facie case for either specific or general jurisdiction, the court will grant Hilton Worldwide's 12(b)(2) Motion to Dismiss for lack of personal jurisdiction. The court therefore need not consider Hilton Worldwide's 12(b) motions to dismiss for lack of proper service or forum non conveniens.

## IV. Conclusion and Order

For the reasons explained above, the court concludes that diversity jurisdiction exists over Plaintiff's claim against Hilton Worldwide because the Plaintiff and Hilton Worldwide have diverse citizenship, the amount in controversy exceeds $75,000, and Woodlake Travel was improperly joined to the action. Accordingly, Plaintiff's Motion to Remand (Docket Entry No. 9) is **DENIED**, and defendant Woodlake Travel Service, Inc. will be dismissed. Defendant Woodlake Travel Services, Inc.'s Motion to Dismiss Per Federal Rule of Civil Procedure 12(b)(6) (Docket Entry No. 19) is **DENIED AS MOOT.**

While the court has subject-matter jurisdiction over Plaintiff's claim against Hilton Worldwide, the court concludes that Plaintiff has failed to present a prima facie case that

personal jurisdiction over Hilton Worldwide exists. Accordingly, Defendant Hilton Worldwide Manage Limited's Rule 12(b)(2) and Rule 12(b)(5) Motion to Dismiss (Docket Entry No. 4) is **GRANTED** as to the Rule 12(b)(2) motion and **DENIED AS MOOT** as to the Rule 12(b)(5) motion. Defendant Hilton Worldwide Manage Limited's Rule 12(b)(3) Motion to Dismiss for *Forum Non Conveniens* (Docket Entry No. 5) is **DENIED AS MOOT**.

**SIGNED** at Houston, Texas, on this 10th day of September, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE